UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61644-CIV-ALTONAGA/Brown

**JANICE U. MURRAY**, individually
and as Personal Representative of the
Estate of **CECIL A. MURRAY**,

    Plaintiff,

vs.

**TELEDYNE CONTINENTAL
MOTORS, INC.**, a Delaware
corporation, *et al*.,

    Defendants.
_____/

**ORDER**

    This cause came before the Court on Motion by Plaintiff, Janice U. Murray ("Murray"), to Remand [D.E. 45], filed on November 5, 2009. The Court has carefully considered the parties' written submissions and applicable law.

**I. BACKGROUND**

    This case arises from the crash of a small airplane. On April 17, 2009, Cecil A. Murray ("Mr. Murray") was the pilot of a Cessna 421 aircraft (the "aircraft"). (*See* Plaintiff's Motion to Remand ("*Plaintiff's Mot.*") at 2). At or about the time of takeoff from Fort Lauderdale Executive Airport, the aircraft experienced an in-flight fire and crashed in Fort Lauderdale, killing Mr. Murray. (*See id*.).

    On May 29, 2009, Murray filed suit in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, against several non-Florida Defendants. (*See* Notice of Removal ("*Removal*") [D.E. 1] at 3). Specifically, Murray initially brought claims of negligence, strict

Case No. 09-61644-CIV-ALTONAGA/Brown

liability, and loss of consortium against numerous Defendants including, among others, Teledyne Group; Cessna Aircraft Company, Textron, Inc.; and Honeywell International, Inc. – the "manufacturer defendants." (*See Plaintiff's Mot.* at 2). Murray filed an Amended Complaint on August 31, 2009, adding three Florida Defendants. Murray added claims of negligent repair, inspection, and maintenance against World Jet, Inc.; Schmidt Aviation, Inc.; and Island Aviation, Inc., the "maintenance defendants," in the Amended Complaint. (*See id*. at 2-3).

Within thirty days of initial service of process of the Amended Complaint, on October 15, 2009, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1332, alleging complete diversity of citizenship on two grounds: (1) Murray is a resident of Costa Rica and therefore diverse from all Defendants; and (2) if Murray is deemed a resident of Florida, the Florida Defendants were fraudulently joined solely to defeat diversity jurisdiction. (*See id*. at 3). Murray then filed the present Motion.

## II.  LEGAL STANDARD

### A.  Request for Remand

Under 28 U.S.C. § 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). When the plaintiff

Case No. 09-61644-CIV-ALTONAGA/Brown

and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**B. Complete Diversity and Fraudulent Joinder**

District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of one state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Moreover, pursuant to 28 U.S.C. § 1441(b), a civil action is removable based upon diversity only if "none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought." Consequently, a federal court lacks subject matter jurisdiction over a matter brought pursuant to 28 U.S.C. § 1332(a) if a defendant is a citizen of the state in which the action is brought.

Courts have recognized an exception to the complete diversity requirement in cases where a non-diverse party has been fraudulently joined. *See Triggs*, 154 F.3d at 1287. Where a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. *See Russell Petroleum Corp. v. Environ Prods., Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004). In that situation, the federal court must dismiss the non-diverse defendant and deny any

3

Case No. 09-61644-CIV-ALTONAGA/Brown

motion to remand the matter back to state court. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The Eleventh Circuit has identified three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) where a plaintiff has pled fraudulent jurisdictional facts to bring the resident defendant into state court; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability, and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *See Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *Tapscott*, 77 F.3d at 1355, *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

The removing party bears the burden of demonstrating fraudulent joinder, *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and must do so by clear and convincing evidence. *Henderson*, 454 F. 3d at 1281. All factual allegations must be resolved in a light most favorable to the plaintiff. *Crowe*, 113 F.3d at 11538. "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citing *Crowe*, 113 F.3d at 1538; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir. 1989)). Further, the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere

Case No. 09-61644-CIV-ALTONAGA/Brown

possibility of stating a valid cause of action makes joinder legitimate. *See Accordino v. Wal-Mart Stores, East, L.P.*, No. 3:05CV761J32MCR, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005).

In resolving a claim of fraudulent joinder, the Court proceeds in a fashion similar to the inquiry involved in a motion for summary judgment under Fed. R. Civ. P. 56(b). *Crowe*, 113 F.3d at 1538. The Court considers the plaintiff's pleadings at the time of removal along with any affidavits and deposition transcripts submitted. *Pacheco de Perez*, 139 F.3d at 1380. The Court is mindful, however, that "[i]n a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Id*. at 1380-81 (citing *Crowe*, 113 F.3d at 1538).

### III.  ANALYSIS

Defendants originally removed this case to federal court on the alternative theories that Murray is a resident of Costa Rica and therefore diverse from all Defendants, or the later-added Florida Defendants were fraudulently joined. In their written briefing, the parties do not address Murray's status as a Costa Rican citizen; they argue only the issue of whether the Florida Defendants were fraudulently joined. Accordingly, the Court addresses only that issue.

Defendants do not suggest that there is outright fraud in Murray's allegations of jurisdictional facts. Defendants also do not suggest the claims against the resident Defendants have no real connection to the claims against the non-resident Defendants. Indeed, such a position would be impossible to support, as the claims against both the resident and non-resident Defendants all concern the workings of one particular aircraft and the reasons why the aircraft crashed.

Case No. 09-61644-CIV-ALTONAGA/Brown

Defendants argue only the first basis for a finding of fraudulent joinder: that Murray has failed to demonstrate she has a viable claim against the resident Defendants. To prevent an order of remand, Defendants must show "'there is no possibility the plaintiff can establish a cause of action against the resident defendant.'" *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quoting *Crowe*, 113 F.3d at 1538). Here, three of the Defendants are residents of Florida. If Murray has a *possible* claim against any one of the three Florida Defendants, the case must be remanded to the state court.

Murray has named World Jet, Inc. ("World Jet") as a defendant on the grounds that World Jet provided fuel for the aircraft prior to its final flight. Murray claims World Jet was negligent in its failure to properly inspect, repair, or maintain the aircraft, thereby causing the crash. In support of removal, and in opposition to the Motion to Remand, World Jet filed affidavits to refute any possibility of a viable claim against it. Devon Smith ("Smith"), the line service manager of World Jet, stated that on the morning of the crash, he fueled the auxiliary tanks of Mr. Murray's Cessna. (*See* Affidavit of Devon Smith ("*Smith Aff.*") [D.E. 67-1] at ¶ 4). Smith states he saw the pilot, Mr. Murray, run the engines for approximately 20 minutes, after which Mr. Murray taxied out and left World Jet. (*See id*. at ¶ 5).

Another World Jet employee, Mike Blott ("Blott"), a line serviceman, states that on April 17, 2009, he was told to fill the auxiliary tanks in Mr. Murray's Cessna. (*See* Affidavit of Mike Blott ("*Blott Aff.*") [D.E. 67-1] at ¶ 4). Blott states he saw Mr. Murray service the oil in the aircraft himself. (*See id*. at ¶ 7). Finally, Bill Johnson ("Johnson"), an associate at World Jet, states he saw Mr. Murray pouring oil into the engine of his Cessna. (*See* Affidavit of Bill Johnson ("*Johnson*

6

Case No. 09-61644-CIV-ALTONAGA/Brown

*Aff.*") [D.E. 67-1] at ¶ 4).  Johnson further states Mr. Murray was not using a funnel to pour the oil into the engine.  (*See id*. at ¶ 5).

Defendants quote from Johnson's affidavit in their Response to Murray's Motion to Remand with text that does not exist in the affidavit filed with the Court.  According to Defendants:

> World Jet, Inc. employee, Bill Johnson, also witnessed Mr. Murray "pouring oil into the engines" which concerned Mr. Johnson because "Mr. Murray was not using a funnel" and the oil "being poured by Mr. Murray was missing the filler neck and that the oil was being poured directly on top of the engine instead."  *See* Affidavit of Bill Johnson at ¶ 6.

(Defendants' Response to Motion to Remand ("*Defendants' Resp.*") [D.E. 67] at 12).  The affidavit filed as Exhibit A to the Response, however, says nothing about the oil being poured onto the engine.  The last substantive paragraph in the affidavit is paragraph 5, in which Johnson states, "Mr. Murray was not using a funnel to pour the oil into the engine."  (*Johnson Aff.* at ¶ 5).  Paragraph 6, referenced by Defendants in their Response, states only, "Further affiant sayeth not."  (*Id*.).

In any event, Murray claims World Jet was negligent in failing to properly inspect, service, maintain and repair the aircraft's engine.  (*See* Amended Complaint ("*Am. Compl.*") [D.E. 1] at ¶¶ 351-352).  Whether World Jet had a duty to inspect, service and maintain the engine at the time of its last fueling is, as conceded by Murray, an unresolved question at this stage of the case.  However, given Johnson's statement that he watched Mr. Murray pour oil all over his engine shortly before take-off, the knowledge of a dangerous condition could give rise to a duty to warn.  *See, e.g., Goldberg v. Florida Power & Light Co.*, 899 So. 2d 1105, 1115 (Fla. 2005) ("FPL's argument simply ignores the well-established principle that in fulfilling its duty to repair the downed electric wire, it assumed the duty to do so in a non-negligent manner.") (citing cases).  While the Court is

7

Case No. 09-61644-CIV-ALTONAGA/Brown

not suggesting that the mere witnessing of a plane owner's potentially dangerous act creates a duty to take any type of action, the parties have not addressed the issue of whether a duty of care even exists in this case. Given the limited facts in the record, and given the lack of legal argument or authority to support either side, the Court must, on a motion to remand, construe the facts in Murray's favor. "In determining 'whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff.'" *Tran v. Waste Mgmt.*, 290 F. Supp. 2d 1286, 1292-1293 (M.D. Fla. 2003) (quoting *Crowley v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Because there is a possibility that Murray may have a viable claim against World Jet, Defendants have not demonstrated fraudulent joinder as to World Jet.

Murray also names Schmidt Aviation ("Schmidt") as one of the maintenance defendants. Murray alleges Schmidt was the "assembler, inspector, tester, parts seller, servicer, maintainer and repairer fo the subject aircraft and its component parts, including, but not limited to, the subject engine, turbo charging and exhaust system." (*Am. Compl.* at ¶ 336). In an affidavit filed by Schmidt, Ronald Schmidt, Vice President and co-owner of the company, states Schmidt has never performed work of any kind on Murray's Cessna. Murray acknowledges that in the face of this uncontroverted evidence, Schmidt may be appropriately dismissed without prejudice.

The third Florida Defendant in this case is Island Aviation, Inc. ("Island"). Murray alleges that Island was negligent in its failure to properly inspect, maintain and repair the aircraft. (*See Am. Compl.* at ¶ 363). In support of removal, Island supplied an affidavit of Island's President, Gary Seabert ("Seabert"). (*See* Affidavit of Gary Seabert ("*Seabert Aff.*") [D.E. 1-3] at 32). In his

8

Case No. 09-61644-CIV-ALTONAGA/Brown

affidavit, Seabert acknowledges that Island performed various maintenance items on Mr. Murray's aircraft between the dates of June 2-6, October 14-November 21, and November 24-December 12, 2008. (*See id*.). Nevertheless, Defendants argue that Murray "simply <u>assumes</u> that the work done to the plane by Island Aviation 'could cause an in-flight fire' and <u>offered no proof to support such an assumption</u> as is required by the Eleventh Circuit to warrant remand." (*Defendants' Resp.* at 7) (emphasis in original). Defendants are incorrect.

"The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original). Because Island admits to having done repair and maintenance work on Mr. Murray's aircraft several months before the crash, Murray has at least a potential claim against Island. Murray is not required to prove the claim at this stage of the case, where discovery has only just begun. Given Murray's allegations and Island's affidavit, there is certainly a possibility that Murray may have a valid claim against Island; accordingly, Defendants have not met their burden of demonstrating fraudulent joinder.[1]

In addition to seeking remand, Murray seeks an award of attorney's fees incurred as a result of preparing her Motion for Remand. Pursuant to 28 U.S.C. § 1447 (c), when a case is remanded due to improper removal, attorney's fees and costs may be due the plaintiff. The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs

---

[1] Defendants additionally argue that Murray joined the non-diverse Defendants after she had filed her original Complaint, and that this act suggests a motivation to defeat diversity through joinder. Murray's motivation is irrelevant to a consideration of whether she states a viable claim against the non-diverse Defendants.

Case No. 09-61644-CIV-ALTONAGA/Brown

upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Eleventh Circuit has noted that the reasonableness standard enunciated by the Supreme Court was meant to balance "'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

The parties disagree as to whether Defendants had a reasonably objective basis for removal. Defendants argue that "[t]he record is clear that the Florida Defendants have been fraudulently joined in this action solely as an attempt to defeat removal to this Federal court and Defendants clearly had a reasonable basis to seek removal on diversity grounds." (*Defendants' Resp.* at 19). But the record is far from clear that the Florida Defendants were fraudulently joined. Island performed maintenance on the aircraft on a number of occasions prior to the crash. It is not unreasonable to believe the crash could have been caused by improper maintenance and repair, and not unreasonable to bring claims against the maintenance company, Island. Indeed, several manufacturer Defendants have asserted the affirmative defense of improper maintenance in their Answers to the Amended Complaint. (*See*

Case No. 09-61644-CIV-ALTONAGA/Brown

Defendant Kelly Aerospace Energy Systems, LLC's Answer and Affirmative Defenses [D.E. 28] at 11, 13; Defendant Ram Aircraft Limited Partnership's Answer and Affirmative Defenses [D.E. 34] at 56; Defendant Wall Colmonoy Corporation's Answer and Affirmative Defenses [D.E. 35-49] at 19).

In *Tran*, the court awarded attorney's fees to the plaintiff upon remand, finding that although the removal might have been filed in good faith,

> it can be stated with relative ease that the Notice was patently improper considering the facts presented in the case, the presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand, and Eleventh Circuit precedent providing that in the remand context "the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims."

*Id*. at 1295-96 (quoting *Crowe*, 113 F.3d at 1542) (footnote call numbers omitted). The same result is warranted here. Given that Murray has possible claims against two of the Florida Defendants, there was no objectively reasonable basis for removal of this case. Accordingly, Murray is entitled to the attorney's fees and costs incurred as a result of Defendants' improper removal.

## IV.  CONCLUSION

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that

1. The Motion to Remand **[D.E. 45]** is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

Case No. 09-61644-CIV-ALTONAGA/Brown

3. The parties shall confer in a good faith effort to determine the amount of attorney's fees and costs to be paid to Plaintiff. If the parties fail to reach an agreement, Murray shall submit a bill of costs and other appropriate documentation evincing all costs, actual expenses, and attorney's fees expended in connection with seeking an order of remand and file such documentation by January 31, 2010.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of January, 2010.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record